IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST M. DANIELS,<br>**Plaintiff,** | : | CIVIL NO. 3:CV-07-0018 |
| | : | (Judge Munley) |
| v. | : | |
| DOCTOR DELEON, ET AL.,<br>**Defendants** | : | |

## ORDER

Plaintiff, at the relevant time[1], an inmate at the Federal Correctional Complex at Allenwood ("FCC-Allenwood"), White Deer, Pennsylvania, filed this action on January 4, 2007, pursuant to 28 U.S.C. § 1331[2] (Doc. 1), and is seeking to proceed *in forma pauperis*. (Doc. 8). The Prison Litigation Reform Act of 1995,[3] (the "Act"), obligates the court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

---

[1] Plaintiff is presently incarcerated at the Low Federal Correctional Institution at Miami Florida. (Doc. 1).

[2] Claims brought under Section 1331 are the federal counterpart to Section 1983 civil rights complaints. As such, collateral issues developed under Section 1983 apply to these claims by analogy. Farmer v. Carlson, 685 F. Supp. 1335, 1338 (M.D.Pa. 1988) (quoting Paton v. La Prade, 524 F.2d 862, 871 (3d Cir. 1975)); Rende v. Rizzo, 418 F. Supp. 96, 98 (E.D.Pa. 1976).

[3] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

who is immune from such relief.

The complaint has been screened in accordance with the above and, for the following reasons, the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

## I. Standard of Review

In considering the complaint under this provision, the Court is guided by Federal Rule of Civil Procedure 12(b)(6) which allows for dismissal of a claim or claims for "failure to state a claim upon which relief can be granted . . . " In evaluating whether a claim is subject to dismissal, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 44-46 (1957); Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the Plaintiff has no right to recover is properly dismissed without leave to amend. Estelle v. Gamble, 429 U.S. 97, 107-108 (1976).

## II. Factual allegations

The following are named as defendants in this action: Dr. Deleon, Eli Lilly Company, the Food and Drug Administration ("FDA") and the "chairs" of the FDA. (Doc. 1, p. 2). Plaintiff alleges that in 1995, while imprisoned at FCC Allenwood, he was negligently prescribed Prozac

for an adjustment disorder by defendant Dr. Deleon. (Doc. 1, pp. 3, 7,11). He alleges that "As approximate [sic] and direct result of the defendants in this action, negligent acts and omissions, I was administered Prozac which :(1) cause [sic] me to become extremely violent, (2) which resulted in injury to another and my self [sic], (3) and which caused me to violated prisoner rules and regulations regarding conducting oneself in prison." (Doc. 1, p. 7). He further alleges that he has learned through review of investigative news reports and medical journals that Prozac causes violent tendencies and suicidal thoughts, among other side effects, and that the defendants concealed this information and negligently approved the drug for use by the general public. (Doc. 1, pp. 5-10). He alleges that defendants' conduct constitutes medical negligence, medical malpractice and negligence and is in violation of the Eighth, Fifth and Fourteenth Amendments.

## II. Discussion

When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In order to state an actionable civil rights claim, the plaintiff must allege that a person has deprived him or her of a federal right and that the person who caused the deprivation acted under color of state or territorial law. West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff does not set forth a viable civil rights claim when he alleges merely negligent conduct. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986); Daniels v. Williams, 474 U.S. 327, 330-36 (1986); Freedman v. City of Allentown, 853 F.2d 1111, 1117 (3rd Cir. 1988).

3

Plaintiff is unable to overcome a fatal flaw with regard to Defendant Eli Lilly Company, the private manufacturer of Prozac. Nowhere in the complaint does he allege that this defendant was acting under color of state law. "Merely private conduct, no matter how discriminatory or wrongful," is excluded from the reach of a civil rights action. Am. Mfrs. Mut. Ins. Co. V. Sullivan, 526 U.S. 40, 50 (1999).

Moroever, plaintiff fails to allege facts that would lead the Court to conclude that he was denied a federal right. With regard to the Federal Drug Administration ("FDA") and the "chairs" of that administration, plaintiff is contending that the FDA negligently approved Prozac for use by the general public. (Doc. 1, p. 6). Plaintiff's characterization of defendants' actions does not rise to the level of a constitutional violation. Accordingly such a claim is not cognizable in a civil rights action.

As concerns the medical treatment provided by Dr. Deleon, mere negligence is insufficient to bring a civil right action. When an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. Nottingham v. Peoria, 709 F. Supp. 542, 547 (M.D.Pa. 1988). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. Monmouth County Correctional Inst. Inmates v. Lensario, 834 F.2d 326, 346 (3d Cir. 1987). Medical negligence alone cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990). Plaintiff simply alleges negligence. Consequently, his Eighth Amendment claim is

subject to dismissal.

Based on the foregoing, the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**AND NOW**, to wit, this 31st day of January 2007, it is hereby **ORDERED** that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 8) is GRANTED.

2. Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

3. Plaintiff's motion for appointment of counsel (Doc. 3) is DENIED.

4. The Clerk of Court is directed to CLOSE this matter.

5. Any appeal taken from this Order will be deemed frivolous, lacking in good faith and without probable cause.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court